434 P.2d 661

Claude I. ESSLEY, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Frank G. Murphy, C. Lawrence Huerta and John L. Ahearn, as members of said Commission and Arizona Sand & Rock Company, Respondents.

No. 1 CA–IC 180.

Court of Appeals of Arizona.

Dec. 14, 1967.

Rehearing Denied Jan. 10, 1968.

Review Denied Feb. 15, 1968.

Minne & Sorenson, by A. D. Ward, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona and members thereof.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent, Arizona Sand and Rock Co.

STEVENS, Judge.

The question considered in this opinion is the timeliness of the filing of a petition for a writ of certiorari in this Court. The question is raised by the motion of the respondents to quash the writ of certiorari and to dismiss the petition, the respondents urging a lack of jurisdiction in this Court. We deem the question to be of sufficient general interest to merit a formal written opinion.

The Industrial Commission entered an award on 21 November 1966. A timely petition for rehearing was filed by the injured workman pursuant to which the hearing was held on 7 March 1967. Following this hearing the award in question was entered on 27 September 1967, the 270th day of the year. On 16 October, the 289th day of the year, the petitioner lodged with the Industrial Commission his written notice of protest. The 30th day following the entry of the award was 27 October. The 20th day following the filing of the notice of protest was Sunday, the 5th day of No-

vember. Under the law, the petitioner would have had to and including the 6th day of November in which to file his petition for rehearing. Action was instituted in the Court of Appeals by the filing of a petition for a writ of certiorari which was filed in this Court on 14 November, the 318th day of the year.

Rule 37 of The Industrial Commission requires that application for rehearing must be filed with The Industrial Commission within twenty days after service of the questioned award. This rule further permits a timely request for an extension of time in that the rule authorizes the filing of "Notice of Protest" within the initial twenty-day period. The rule further states, in part:

> "* * * said notice of protest will stay said award or decision from becoming final and will allow said aggrieved party twenty (20) days from the date of filing said written notice of protest within which to file his application for a rehearing of said award or decision at the office of the Commission. Failure to file said application for rehearing within said twenty (20) days from the filing of said written notice of protest constitutes a waiver of the right to rehearing."

This rule is one relating to the internal procedures of The Industrial Commission.

On the other hand, the right to apply to this Court for a review by writ of certiorari is statutory. A.R.S. Section 23–951, subsec. A, is as follows:

> "A. Within thirty days after an application for a rehearing is denied, or if the application is granted, within thirty days after rendition of the decision on a rehearing, any party affected thereby may apply to the court of appeals for a writ of certiorari to review the lawfulness of the award."

The position of the petitioner is that by the filing of the notice of protest on 16 October, within 20 days after the service of the award, the award did not become final until twenty days after the 16th of October,

that is to say, until Sunday the 5th, or actually, Monday the 6th of November. The petitioner further urges that the statutory period within which to file the petition for a writ of certiorari in the Court of Appeals commenced to run on the 6th day of November and that, therefore, the application which was filed on the 14th of November was timely filed.

The respondents urge that the only way to toll the running of the thirty-day statutory period, which here commenced on 27 September, is to actually file a timely request for a rehearing. We agree with the respondents. We recognize that a petitioner may file a notice of protest or a petition for rehearing with The Industrial Commission within the twenty-day period and may also apply to this Court for a writ of certiorari without waiting for a ruling upon the petition for rehearing provided that the writ is applied for within the statutory thirty-day period from the date of the award. Once the thirty-day statutory period expires, the jurisdiction of this Court to entertain a review terminates unless the matters have been kept alive by a proper and timely petition for rehearing presented to The Industrial Commission.

This Court considered the effect of the statutory provision and the rules of The Industrial Commission in Flannery v. Industrial Commission, 3 Ariz.App. 122, 412 P.2d 297 (1966). In that case we stated that there must be at least one petition for rehearing as a condition precedent to the issuance of a writ of certiorari. If the motion for rehearing results in an award which carries a twenty-day clause, the party to the award has the alternative of filing a second petition for rehearing within the twenty days or seeking a writ of certiorari within thirty days.

The motion to quash the writ of certiorari and to dismiss the application for a writ of certiorari is granted.

DONOFRIO, J., concurs.

**CAMERON, C. J. (dissents):**

I dissent. The Commission is allowed by statute (§ 23–922 A.R.S.) to adopt rules of procedure "necessary to conduct its business", and I believe Rule 37 operates as a stay of the award from becoming final for 20 days even if the person filing this notice of protest fails thereafter, as herein, to file his application for rehearing.